UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTONIO CRAWFORD, | : |
| Plaintiff | : |
| vs. | : CIVIL NO. 1:CV-10-2250 |
| HARLEY LAPPIN, et al., | : (Judge Caldwell) |
| Defendants | : |

*M E M O R A N D U M*

The pro se plaintiff, Antonio Crawford, currently an inmate at the United States Prison in Allenwood, Pennsylvania, field this civil-rights action challenging his placement in the Special Management Unit in the United States Prison in Lewisburg, Pennsylvania. On May 20, 2011, summary judgment was entered against him, upon adoption of the report and recommendation of the magistrate judge. *Crawford v. Lappin*, 2011 WL 1979871 (M.D. Pa.)(magistrate judge's report at 2011 WL 1983508). The judgment was affirmed on appeal. *Crawford v. Lappin*, 446 F. App'x 413 (3d Cir. 2011)(nonprecedential).

Plaintiff has filed a motion to reopen his case based on newly discovered evidence, a motion governed by Fed. R. Civ. P. 60(b)(2).

Rule 60(b)(2) permits relief from a judgment based on "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) . . . ." Relief must be sought "within a reasonable time," but "no more than a year after the entry of judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

We will deny Plaintiff's motion as being untimely. It was filed on April 8, 2014, and seeks relief from a judgment entered on May 20, 2011, so it has come well after the one-year period permitted for a Rule 60(b)(2) motion. *See Richards v. Centre Cnty. Transp. Auth.*, 540 F. App'x 83, 84-85 (3d Cir. 2013)(nonprecedential)(affirming denial of a Rule 60(b)(2) motion when it was not filed within one year of the judgment).

In any event, Plaintiff presents no newly discovered evidence. The motion makes two points: (1) the defendant warden violated Plaintiff's rights under Fed. R. Evid. 403 when he introduced evidence that Plaintiff had been found guilty of twenty-one disciplinary infractions, some involving sexually predatory behavior; and (2) the evidence is a danger to Plaintiff's safety because the opinions discussing it can be viewed in the prison law library. The first point is a legal argument, and also one that could have been made in the original proceedings. The second point is not a reason to disturb the grant of summary judgment.[1]

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: May 12 , 2014

---

[1] For this reason, the motion is also meritless if considered under Fed. R. Civ. P. 60(b)(6), the catchall provision permitting relief from judgment for "any other reason that justifies relief" aside from the reasons set forth in subparagraphs (1) through (5) of Rule 60(b).